IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MEDALLION TRANSPORT &
LOGISTICS LLC,

    Plaintiff,

v.                                            No. 14-1196

SUPERIOR CHOICE LOGISTICS, INC.,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER THIS CASE
TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF TEXAS

---

This diversity action was brought by the Plaintiff, Medallion Transport & Logistics LLC, ("Medallion"), on September 2, 2014 against the Defendant, Superior Choice Logistics, Inc. ("Superior"), alleging breach of contract and misrepresentation under North Carolina law. The suit stems from a tractor-trailer accident that occurred in Jackson, Tennessee in which a cargo of chemicals caught fire and was destroyed. Before the Court is Superior's motion to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, for transfer of venue to the United States District Court for the Northern District of Texas. (D.E. 9.)

Rule 12(b)(3) permits the court to dismiss a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). In ruling on such a motion, the court must draw all reasonable inferences in favor of the plaintiff. *Diggs v. Paragon Mgmt. Group, Inc.*, No. 1:13-cv-343, 2014 WL 1302504, at *1 (E.D. Tenn. Mar. 28, 2014).

Generally speaking, whether venue is improper is governed by 28 U.S.C. § 1391. *Atl.*

*Marine Constr. Co., Inc. v. United States Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). The statute states that, "[e]xcept as otherwise provided by law . . ., this section shall govern the venue of all civil actions brought in district courts of the United States[.]" 28 U.S.C. § 1391(a)(1). In general, "[a] civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr.*, 134 S. Ct. at 577. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

It is the position of the Defendant that this district is not a proper venue under § 1391(b) on the grounds that it is not a Tennessee corporation, a substantial part of the events complained of -- the contract negotiations and misrepresentations -- did not occur in this district, and the action could have been brought in Texas, where Superior is incorporated and was solicited by Medallion to ship the destroyed goods.

The Plaintiff does not challenge Superior's assertions. Rather, it focuses on the "except as

otherwise provided by law" language of § 1391, arguing exclusively that, because this lawsuit involves the liability of a motor carrier for damage to freight, the venue provisions of the Carmack Amendment apply. Indeed, as alluded to above, "[§] 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atl. Marine Constr.*, 134 S. Ct. at 577 n.2. The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, imposes liability upon common carriers for "actual loss or injury to . . . property" during interstate transport. 49 U.S.C. § 14706(a)(1); *Osman v. Int'l Freight Logistics, Ltd.*, 405 F. App'x 991, 992 (6th Cir. 2011). The amendment's venue provision states that "[a] civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. § 14706(d)(2). As the loss or damage occurred in Tennessee, the argument goes, venue in this Court is appropriate.

However, Plaintiff has asserted only state law claims in this case. It has cited no caselaw indicating that the Carmack Amendment's venue provision applies to cases in which a claim thereunder has not been pled. The Court is, therefore, unpersuaded that § 14706(d)(2) has any application here.

If venue lies in this district, it must do so pursuant to § 1391(b)(2). "[O]nly those acts or omissions with substantial, rather than tangential, connections to a plaintiff's claims can establish venue." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765-66 (S.D. Ohio 2014). "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

Medallion, a transport and logistics company located in North Carolina, alleges that it

entered into a broker-carrier agreement with Superior, a commercial freight concern, on June 3, 2014 for the shipment by tractor-trailer of a load of chemicals for the production of foam from Houston, Texas to West Chester, Pennsylvania. Plaintiff avers that, as part of the agreement, Superior represented to Medallion that it had proper cargo insurance coverage when it did not. It is undisputed that the only event occurring in this district was the accident that caused the loss. It is the opinion of the Court that, under the facts of this case, the location of the loss is tangential to the contract and misrepresentation claims asserted by the Plaintiff. *See Cont'l Ins. Co. v. Securi Enter., Inc.,* No. CV 09-3731(ILG)(VVP), 2010 WL 3702559, at *3 (E.D.N.Y. Aug. 16, 2010) (court found significant that automobile accidents giving rise to claims against an insurance policy themselves were not at issue in plaintiff's contract claim alleging misrepresentations made with respect to procurement of the policy; therefore, the location of those accidents was irrelevant when determining proper venue under § 1391(b)(2)), *report & recommendation adopted* 2010 WL 3619704 (E.D.N.Y. Sept. 9, 2010). As venue in this district is improper, and in the interest of justice, this action is TRANSFERRED to the United States District Court for the Northern District of Texas.[1]

IT IS SO ORDERED this 12th day of December 2014.

                                                        s/ J. DANIEL BREEN
                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Plaintiff does not assert that this case could not have been brought in the Northern District of Texas. *See* 28 U.S.C. § 1406(a).