IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MEDALLION TRANSPORT & LOGISTICS LLC,** | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. **3:14-CV-4361-L** |
| **SUPERIOR CHOICE LOGISTIC, INC,** *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion for Default Judgment (Doc. 56) filed September 2, 2015; Defendant Hallmark County Mutual Insurance Company's Amended Motion to Set Aside the Entry of Default (Doc. 64), filed October 7, 2015; and Defendant Superior Choice Logistics, Inc.'s Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 70), filed October 26, 2015, which was joined by Defendant Hallmark County Mutual Insurance Company (Doc. 79). After considering the motions, responses, reply, evidence, record, and applicable law, the court **denies** Defendant Superior Choice Logistics, Inc.'s Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 70); **grants** Defendant Hallmark County Mutual Insurance Company's Amended Motion to Set Aside the Entry of Default (Doc. 64); and **denies as moot** Plaintiff's Motion for Default Judgment (Doc. 56).

**I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant Superior Choice Logistics, Inc. ("Superior) contends that subject matter jurisdiction is lacking because, although complete diversity exists, the requisite amount in controversy is not satisfied under 28 U.S.C. § 1332(a). For support, Superior points to Plaintiff's

**Memorandum Opinion and Order – Page 1**

September 25, 2015 summary judgment motion in which Plaintiff contends that it is entitled to $65,986.13 in damages. Superior contends that the amount of damages sought by Plaintiff does not meet the $75,000 amount-in-controversy threshold.

Plaintiff responds that, in addition to damages, it specifically sought attorney's fees in its Amended Complaint and that attorney's fees are included in determining whether the amount in controversy has been satisfied. Plaintiff asserts that, to prosecute this case from beginning through trial, it will incur at least $10,000 in reasonable attorney's fees. Plaintiff, therefore, contends that the amount in controversy is satisfied and the court should deny Superior's motion. Superior did not file a reply in support of its motion.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Plaintiff brought this action based on diversity jurisdiction. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Paul Reinsurance Co.*, 134 F.3d at 1253 (internal quotation marks and footnotes omitted). The court must first determine whether it is "facially apparent" from the plaintiff's pleadings whether the claims exceed the jurisdictional amount. *Id.* If it is not apparent, the court may rely on "summary

judgment-type" evidence to ascertain the amount in controversy. *Id.* "[J]urisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.* at 1253-54. In determining the jurisdictional amount, attorney's fees may be included. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990).

In its original Complaint, Plaintiff asserted claims for breach of contract and misrepresentation and alleged "damages in excess of . . . $75,000." Pl.'s Compl. 4. In addition to damages, Plaintiff requested attorney's fees, costs, and prejudgment interest. These good faith allegations alone are sufficient to satisfy the amount-in-controversy requirement.

Even taking into consideration, as requested by Superior, Plaintiff's summary judgment motion in which Plaintiff presented evidence that it has incurred damages totaling $65,986.13 as a result of Defendants' conduct, the court concludes that amount-in-controversy requirement has been satisfied. By applying a common-sense approach to Plaintiff's pleadings and evidence of damages, the court concludes that it is facially apparent from the Complaint that the amount Plaintiff seeks to recover for its claims *and attorney's fees* more likely than not exceeds $75,000. *See, e.g., Wilson v. Hibu Inc.*, 3:13-CV-2012-L, 2013 WL 5803816, at *3-4 (N.D. Tex. Oct. 28, 2013) (applying a common-sense approach in analyzing the amount-in-controversy prong of diversity jurisdiction). This is so because the court knows from experience and common sense that attorney's fees would easily exceed $10,000 if Plaintiff is successful on its claims. Plaintiff has, therefore, satisfied the amount-in-controversy prong of diversity jurisdiction. Accordingly, the court **denies** Defendant Superior Choice Logistics, Inc.'s Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 70).

**II.     Motions for Default Judgment and to Set Aside Entry of Default**

This case was transferred to this court on December 12, 2014, from the United States District Court for the Western District of Tennessee, Jackson Division. On June 4, 2015, Plaintiff filed its Amended Complaint. According to the Amended Complaint, the case was at that time pending in the Western District of Tennessee, Jackson Division. In an August 4, 2015 order, the court admonished Plaintiff as follows: "[A]ccording to Plaintiff's motion, this case is pending in the Western District of Tennessee, Jackson Division. This is not the first time that Plaintiff has filed a motion with the wrong case caption since the case was transferred to the Northern District of Texas." Order (Doc. 43).

The summons as to Hallmark was returned as executed on August 19, 2015, and shows that Hallmark was served with a copy of the summons and Amended Complaint on July 17, 2015. On August 19, 2015, following Plaintiff's request, the clerk entered default against Hallmark. On August 27, 2015, Hallmark filed its Answer to Plaintiff's Amended Complaint. On September 2, 2015, Plaintiff filed its Motion for Default Judgment against Defendant Hallmark County Mutual Insurance Company. On September 14, 2015, Hallmark moved to set aside the clerk's entry of default against it, and on October 7, 2015, Hallmark filed its Amended Motion to Set Aside the Entry of Default and noted in a footnote that the amended filing was done to "correct certain formatting anomalies contained in Hallmark's original filing, Defendant's Motion to Set Aside the Entry of Default. The substance of this submission is otherwise unaltered and unaffected." Hallmark's Am. Mot. 1 n.1. For the reasons that follow, the court determines that Hallmark's motion to set aside the clerk's entry of default against it should be granted.

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir.1992). Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

In support of its motion, Hallmark asserts and provided evidence to show that its failure to answer or respond timely after receiving a copy of the summons and Amended Complaint was due to inadvertence of Hallmark's new litigation manager, and further delay ensued when Hallmark initially retained Tennessee counsel, rather than Texas counsel, because Plaintiff's Amended

Complaint had the wrong case caption and indicated that the case was pending in the Western District of Tennessee rather than the Northern District of Texas. Plaintiff responds that Defendant is not entitled to have the entry of default set aside because: (1) Hallmark did not respond to its motion for default judgment and in doing so failed to comply with the court's Local Civil Rules for motion practice; and (2) Hallmark did not act timely in moving to set aside entry of the default. Plaintiff contends that it is inconceivable that a litigation manager, even if newly hired, was unable to timely hire outside litigation counsel to file an answer or respond after receipt of the summons and Amended Complaint.

Plaintiff is mistaken that the court's Local Civil Rules require a party to respond to any and all motions filed in a case by an opposing party. The court's Local Civil Rules simply set forth the requirements for motion practice *if* a motion, response, or reply is filed. Further, Hallmark has presented undisputed evidence that Plaintiff was partially to blame for Hallmark's delay in filing an answer or response because of the confusion caused by Plaintiff including the wrong caption in its Amended Complaint.

Additionally, the court disagrees that Hallmark did not act in a sufficiently expeditious manner to cure the default under the circumstances. The timing or failure of Hallmark to not respond to Plaintiff's motion for default judgment is not dispositive. Moreover, Hallmark presented evidence that shows it did not learn that Plaintiff had moved for entry of default against it or that the case had been filed in the wrong venue until sometime in late August 2015. Hallmark's Tennessee counsel states in an affidavit that he spoke with Plaintiff's counsel by telephone on August 18, 2015, pointed out the incorrect case caption on the Amended Complaint, and advised that Hallmark had inadvertently retained Tennessee counsel as a result and would have to retain Texas counsel to

defend in this suit. According to Hallmark's Tennessee counsel, Plaintiff's counsel requested that Hallmark's Texas counsel contact him upon retention and advised that he would not take any adverse action against Hallmark in the meantime. Plaintiff, nevertheless, moved for entry of default the **next** day on August 19, 2015. Hallmark contends that it detrimentally relied on Plaintiff's agreement not to take adverse action against Hallmark before it retained Texas counsel and the parties' attorneys had an opportunity to discuss the matter. Hallmark asserts that Plaintiff was not prejudiced because it knew early on of Hallmark's intention to defend in this suit.

As previously noted, Hallmark filed its Answer to Plaintiff's Amended Complaint on August 27, 2015, and moved to set aside the clerk's entry of default on September 2, 2015. From this and the foregoing evidence submitted by Hallmark, the court concludes that Hallmark did not unduly delay in curing the default under the circumstances. There is also no evidence that the failure to answer or otherwise respond was willful; rather, the evidence submitted by Hallmark establishes the contrary. Finally, there is no evidence that Plaintiff will suffer any legal prejudice if the entry of default is set aside, and the court determines that the August 27, 2015 Answer filed by Hallmark contains a number of meritorious affirmative defenses to Plaintiff's claims. Accordingly, there is good cause to set aside the clerk's entry of default against Hallmark. The court, therefore, **grants** Defendant Hallmark County Mutual Insurance Company's Amended Motion to Set Aside the Entry of Default (Doc. 64), **sets aside** the clerk's entry of default against Hallmark (Doc. 48), and **denies as moot** Plaintiff's Motion for Default Judgment (Doc. 56).

### III.  Conclusion

For the reasons stated, the court **denies** Defendant Superior Choice Logistics, Inc.'s Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 70); **grants** Defendant Hallmark County

Mutual Insurance Company's Amended Motion to Set Aside the Entry of Default (Doc. 64); **sets aside** the clerk's entry of default against Hallmark (Doc. 48); and **denies as moot** Plaintiff's Motion for Default Judgment (Doc. 56).  After Plaintiff complies with the court's February 26, 2016 order regarding service as to Defendants John Walter Fisher ("Fisher") and Alliance Agency, Inc. ("Alliance"), the court will enter by separate order amended scheduling and mediation orders and reset all deadlines that were not expired as of August 10, 2015, the date that the court vacated the prior scheduling and mediation orders.  *See* Order dated August 10, 2015 (Doc. 45).

**It is so ordered** this 29th day of February, 2016.

                                                                    _____
                                                                    Sam A. Lindsay
                                                                    United States District Judge