UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEDALLION TRANSPORT & LOGISTICS, LLC, | § § | |
| Plaintiff, | § | |
| v. | § | No. 3:14-CV-4361-L |
| SUPERIOR CHOICE LOGISTICS, INC., et al., | § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Medallion Transport & Logistics, LLC's ("Plaintiff") Motion to Enforce Mediated Settlement Agreement [ECF No. 119] ("Motion to Enforce"). This motion has been referred to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. Order of Reference, ECF No. 122. For the following reasons, the undersigned respectfully recommends that Plaintiff's Motion to Enforce [ECF No. 119] be **GRANTED**.

## BACKGROUND

On June 3, 2014, Plaintiff brokered a shipment of chemicals to Superior Choice Logistics, Inc. ("Superior Choice"), an interstate commercial freight company. Am. Compl. 1-2, ECF No. 89. The shipment was scheduled to be picked up from Houston, Texas and delivered to West Chester, Pennsylvania. Am. Compl. 2, ECF No. 89. Plaintiff states that Superior Choice represented that it had proper cargo insurance coverage and provided Plaintiff a certificate of insurance. Am. Compl. 2, ECF No. 89. In the Certificate of Liability Insurance, Alliance Agency, Inc. ("Alliance") and Alliance's authorized representative, John Walter Fisher ("Fisher") indicated that Superior Choice had the appropriate insurance coverage. Am. Compl. 3, ECF No. 89; Ex. C, ECF No. 89-3. While

the shipment was in transit in Jackson, Tennessee, Superior Choice's vehicle leaked fuel, caught on fire, and destroyed the shipment. Am. Compl. 3, ECF No. 89. Plaintiff states that Superior Choice did not have the appropriate insurance as represented and none of the defendants have paid for the destroyed shipment. Am. Compl. 3, ECF No. 89. On September 2, 2014, Plaintiff filed this lawsuit against Superior Choice. Compl., ECF No. 1. On June 4, 2015, Plaintiff filed its Amended Complaint adding Fisher, Alliance, and Hallmark County Mutual Insurance Company. Am. Compl., ECF No. 37. On March 23, 2016, Plaintiff filed its second Amended Complaint. 2d Am. Compl., ECF No. 89.

On October 28, 2016, Plaintiff filed its Motion to Enforce asking the Court to enforce the Settlement Agreement reached by Plaintiff and Superior Choice at the Court ordered mediation on August 1, 2016. Mot. to Enforce 1, ECF No. 119; Settlement Agreement, ECF No. 121 at 2-4. Plaintiff states that although Provision 1(a) of the Settlement Agreement states that an Agreed Judgment should be jointly submitted to the Court for entry, counsel for Superior Choice has ignored Plaintiff's counsel's repeated inquiries as to whether the proposed Agreed Judgment is acceptable for Court submission. Pl.'s Br. 1-2, ECF No. 120. Moreover, Plaintiff contends that Superior Choice failed to comply with Paragraph 3 of the Settlement Agreement which includes a stipulation stating that Superior Choice will cooperate with Plaintiff in its efforts to pursue its claims against the other parties, including by providing necessary documentation. Pl.'s Br. 2, ECF No. 120. Plaintiff contends that it must receive the requested information in a timely fashion in order for the settlement to have value. Pl.'s Br. 2, ECF No. 120.

On November 14, 2016, Superior Choice filed its response arguing that Plaintiff mischaracterizes the parties' post-mediation dealings. Resp. 1, ECF No. 125. As an initial point,

2

Superior Choice states that, while Plaintiff contends that the parties were to fully comply with the Settlement Agreement by August 18, 2016, Plaintiff did not send all of the proposed settlement documents until August 25, 2016. Resp. 1, ECF No. 125. In addition, Superior Choice argues that, while Plaintiff complains that it has not received an Agreed Judgment, Plaintiff submits an Agreed Judgment bearing Superior Choice's counsel's signature in support of Plaintiff's Motion to Enforce. Resp. 1, ECF No. 125. Superior Choice further contends that it is in good faith working to provide Plaintiff the requested proof of paid insurance premiums. Resp. 1, ECF No. 125.

On January 24, 2017, Plaintiff filed its Motion to Ascertain Status of Plaintiff's Motion to Enforce Mediated Settlement Agreement [ECF No. 128] ("Motion to Ascertain") wherein Plaintiff argues that, while Superior Choice represented over two months ago that it was working in good faith to provide the documents requested, Superior Choice has failed to provide any documents and has not made any attempts to communicate with Plaintiff regarding this request. Mot. to Ascertain 1, ECF No. 128. Plaintiff argues that a ruling on the Motion to Enforce is essential, because Plaintiff's ability to receive value from the Settlement Agreement depends on obtaining the Agreed Final Judgment and the documents that Superior Choice should have provided months ago. Mot. to Ascertain 1, ECF No. 128. Superior Choice did not file a response to Plaintiff's Motion to Ascertain and the time to do so has passed.

## **DISCUSSION**

"While the validity of a settlement agreement in a diversity case is a matter of substantive law, the method by which a valid agreement may be enforced is one of federal procedure." *Pharmerica Long-Term Care, Inc. v. Goldenlife Senior Care, Inc.*, No. 3:09-CV-130-L (BH), 2012 WL 6028906, at *2 (N.D. Tex. Nov. 5, 2012) (citing *Weaver v. World Fin. Corp. of Texas*, No. 3:09-

CV-1124-G, 2010 WL 1904561, at *2 n.2 (N. D. Tex. May 12, 2010); *Howard v. Chris-Craft Corp.*, 562 F. Supp. 932, 938 (E.D. Tex. 1982)). "'Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.'" *Id.* (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967); citing *Weaver*, 2010 WL 1904561, at *2; citing *Von Drake v. Core, Inc.*, No. 3:02-CV-866-D, 2003 WL 22234922, at *9 (N.D. Tex. Jul. 17, 2003)). "The decision to grant or deny a motion to enforce a settlement agreement is committed to the sound discretion of the district court." *Id.* (citing *Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137 (5th Cir. 1998); *Weaver*, 2010 WL 1904561, at *1).

Plaintiff and Superior Choice do not contest the validity of the Settlement Agreement and the terms of the Settlement Agreement permit the Court to ascertain the parties' duties. *See* Settlement Agreement, ECF No. 121 at 2-4; *Pharmerica Long-Term Care, Inc.*, 2012 WL 6028906, at *2 ("To be enforceable, the agreement must contain all material terms and the terms must be 'sufficiently definite to enable the court to understand the parties' obligations.'" (quoting *Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995); citing *Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir. 2006); citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000))). Furthermore, the parties' execution of the Settlement Agreement demonstrates their intent to be bound by the terms of the Settlement Agreement. *See Pharmerica Long-Term Care, Inc.*, 2012 WL 6028906, at *2 ("'Evidence of the parties' intent to enter into a binding agreement is [] required." (quoting *ARCO Chem. Co.*, 203 F.3d at 910; citing *Premier Oil Refining Co. v. Bates*, 367 S.W.2d 904, 907 (Tex. Civ. App.–Eastland 1963, writ ref'd n.r.e.))). Therefore, to the extent that Superior Choice still has

not complied with provisions of the Settlement Agreement, the undersigned recommends that the District Court grant Plaintiff's Motion to Enforce and order that Superior Choice comply with the obligations set forth therein.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Plaintiff's Motion to Enforce [ECF No. 119].

**SO RECOMMENDED**, this 29th day of August, , 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).