IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEDALLION TRANSPORT & LOGISTICS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:14-CV-4361-L** |
| SUPERIOR CHOICE LOGISTICS, INC.; HALLMARK COUNTY MUTUAL INSURANCE COMPANY; ALLIANCE AGENCY, INC.; AND JOHN WALTER FISHER,[*] | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Amended Motion for Entry of Default Judgment (Doc. 129), filed February 10, 2017, by Plaintiff Medallion Transport & Logistic, LLC against Defendants John Walter Fisher and Alliance Agency, Inc. After considering the motion, record, and supporting evidence, the court **grants** the Amended Motion for Entry of Default Judgment (Doc. 129).

### I. Factual and Procedural Background

The factual background and procedural history of this case are set forth in detail in the findings and recommendations entered by the magistrate judge on December 28, 2016, and August

---

[*] Plaintiff's claim against Defendant Hallmark County Mutual Insurance Company for negligent misrepresentation was dismissed with prejudice pursuant to a Stipulation of Voluntary Dismissal filed by the parties on August 11, 2016 (Doc. 116). Plaintiff and Defendant Superior Choice Logistics, Inc. executed a Settlement Agreement as a result of court-ordered mediation on August 1, 2016. The Settlement Agreement is currently the subject of a Motion to Enforce filed by Plaintiff; however, neither party disputes the existence, validity, or enforceability of the agreement. As a result, only Plaintiff's claim for negligent misrepresentation against Defendants Alliance Agency, Inc. and John Walter Fisher, which is the subject of Plaintiff's Amended Motion for Entry of Default Judgment, remains.

**Memorandum Opinion and Order - Page 1**

29, 2017. For purposes of brevity, the court accepts and incorporates by reference the factual and procedural facts set forth in those findings and recommendations.

## II. Discussion

In their Amended Motion for Entry of Default Judgment, Plaintiff Medallion Transport and Logistics, LLC ("Medallion" or "Plaintiff") requests entry of a default judgment on its claim of negligent misrepresentation against Defendants Alliance Agency, Inc. ("Alliance") and John Walter Fisher ("Fisher") (collectively, "Defendants") in the amount of $65,986.13, which represents the value of the freight that was destroyed by fire while being transported by Defendant Superior Choice Logistics, Inc. ("Superior") between Houston, Texas, and West Chester, Pennsylvania, in June 2014. Plaintiff alleges that it permitted Superior to haul the freight because of a representation by Alliance and Fisher regarding Superior's cargo insurance coverage that turned out to be inaccurate. As a result, Plaintiff alleges it was unable to recover the value of the freight destroyed in the fire under Superior's insurance policy.

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court entered a default against Defendants on May 15, 2016. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiff's Amended Complaint, have admitted the well-pleaded allegations of the Amended Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Amended Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default and that Plaintiff is entitled to a default judgment and appropriate damages.

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). As noted, Plaintiff seeks a default judgment in the amount of $65,986.13 against Alliance and Fisher for the value of the freight that was destroyed by fire while being transported by Superior. The court finds the amount of $65,986.13 in damages is supported by Plaintiff's evidence and the record. Accordingly, Plaintiff is entitled to a total amount of **$65,986.13** in actual damages. *To avoid double recovery by Plaintiff, this amount will necessarily be subject to and offset by any amounts recovered by Plaintiff from Superior and Hallmark for the damages it sustained as a result of the events and conduct that gave rise to Plaintiff's claims in this case*.

### III. Conclusion

For the reasons stated, the court **grants** the Amended Motion for Entry of Default Judgment (Doc. 129). Accordingly, the court hereby **orders** that final default judgment be entered for Medallion against Alliance and Fisher, jointly and severally, in the amount of **$65,986.13**, plus postjudgment interest at the applicable federal rate of **1.23%.** Although Plaintiff requested to recover prejudgment interest and attorney's fees in its Amended Complaint, no mention of prejudgment interest or attorney's fees was made in its Amended Motion for Entry of Default Judgment. Thus, no prejudgment interest is awarded, and any request for attorney's fees by Plaintiff

must be filed in accordance with Federal Rule of Civil Procedure 54(d)(2)(B) and accompanied by supporting documentation. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a final default judgment will issue by separate document.

**It is so ordered** this 30th day of August, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge